# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 154

*October Term, A.D. 2014*

**December 3, 2014**

|  |  |
|---|---|
| BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR,<br><br>Petitioner,<br><br>v.<br><br>SCOTT M. POWERS, WSB #6-3188,<br><br>Respondent. | D-14-0009 |

## ORDER OF DISBARMENT

[¶1]  **This matter** came before the Court upon a "Report and Recommendation for Disbarment," filed herein November 13, 2014, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Section 16 of the Disciplinary Code for the Wyoming State Bar (stipulated discipline).  The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, and the file, finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent, Scott M. Powers, should be disbarred.  It is, therefore,

[¶2]  **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Disbarment, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]  **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Disbarment, Respondent, Scott M. Powers, shall be, and hereby is, disbarred, effective immediately; and it is further

[¶4]   **ORDERED** that Respondent shall comply with Section 22 of the Disciplinary Code for the Wyoming State Bar.  That Section governs the duties of disbarred and suspended attorneys; and it is further

[¶5]   **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Mr. Powers shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $500.00; and it is further

[¶6]   **ORDERED** that Respondent shall pay the administrative fee and costs, along with all other amounts owed to the Wyoming State Bar, in accordance with the terms of the promissory note referenced in the Report and Recommendation for Disbarment; and it is further

[¶7]   **ORDERED** that the Clerk of this Court shall docket this Order of Disbarment, along with the incorporated Report and Recommendation for Disbarment, as a matter coming regularly before this Court as a public record; and it is further

[¶8]   **ORDERED** that, pursuant to Section 4(a)(iv) of the Disciplinary Code for the Wyoming State Bar, this Order of Disbarment, along with the incorporated Report and Recommendation for Disbarment, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶9]   **ORDERED** that the Clerk of this Court cause a copy of this Order of Disbarment to be served upon Respondent, Scott M. Powers.

[¶10]   **DATED** this 3rd day of December, 2014.

**BY THE COURT:**

/s/

**E. JAMES BURKE**
**Chief Justice**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

NOV 13 2014

*Carol Thompson*
CAROL THOMPSON, CLERK

BEFORE THE SUPREME COURT

STATE OF WYOMING

| | | |
|---|---|---|
| *In the matter of* | ) | **D-14-0009** |
| *SCOTT M. POWERS,* | ) | |
| *WSB # 6-3188,* | ) | *WSB Nos. 2014-039* |
| | ) | *2014-59, 2014-89, 2014-98,* |
| | ) | *2014-100 & 2014-118* |
| *Respondent.* | ) | *CSF 2014-001, 2014-002, 2014-003,* |
| | ) | *2014-004, 2014-005, 2014-006 &* |
| | ) | *2014-007* |

## REPORT AND RECOMMENDATION FOR DISBARMENT

THIS MATTER having come before the Board of Professional Responsibility (Board) on the 10th day of November, 2014, for consideration on the Stipulated Motion for Disbarment (Stipulated Motion) of Respondent filed October 24, 2014, and the Board having reviewed the Stipulated Motion, the affidavit of Respondent in support thereof, and being otherwise fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS:

### Findings of Fact

1.     Respondent has been licensed to practice law in the State of Wyoming since 1997. On December 18, 2013, the Wyoming Supreme Court issued an Order of Public Censure for Respondent for conduct violating Rule 1.3 (diligence) and Rule 1.4 (reasonable communication) of the Wyoming Rules of Professional Conduct in three different client matters. On April 23, 2014, the Court issued an Order suspending Respondent from the practice of law for a period of nine months commencing May 1, 2014. The Order of Suspension cited Respondent's violation of Rules 1.3 and 1.4 in four different client matters.

2.     The Order of Suspension provides, "Respondent shall comply with Section 22 of the Disciplinary Code for the Wyoming State Bar." Section 22 provides in pertinent part:

(a) Within fifteen (15) days of the date of (1) a final order imposing discipline or (2) an order

of suspension entered pursuant to Section 17 or 18, a disbarred or suspended attorney shall notify the following persons by registered or certified mail, return receipt requested, of the attorney's disbarment or suspension and the attorney's consequent inability to act as an attorney after the effective date of the disbarment or suspension:

(i) All clients in pending matters. The attorney shall advise clients to seek legal advice elsewhere and to obtain another attorney for litigated matters or administrative proceedings.

(ii) Any co-counsel who is involved in litigated matters or administrative proceedings.

(iii) The attorney for each adverse party or, in the absence of such counsel, the adverse party or parties in litigated matters or administrative proceedings. The notice to parties shall state the place of residence of the client of the disbarred or suspended attorney.

(iv) All courts or administrative bodies in which the attorney has matters pending.

(b) A disbarred attorney or an attorney suspended for greater than six (6) months shall within fifteen (15) days deliver to all present and former clients all client files.

(c) A disbarred or suspended attorney shall notify the client of all deadlines and scheduled court dates.

(d) A disbarred or suspended attorney, after entry of the disbarment or suspension order, shall not accept any new legal matters. During the period from the entry date of the order to its effective date, the attorney may wind up and complete, on behalf of any client, all matters which were pending on the entry date.

(e) A disbarred or suspended attorney shall return any unearned fees.

3. At the time Respondent's Order of Suspension became effective, Respondent was delinquent in responding to three new investigations. The first, WSB No. 2014-39, involves a complaint for alleged conduct by Respondent which, if proven by clear and convincing evidence, would constitute violations of various provisions of Rule 8.4. The second, WSB No. 2014-59, involves a complaint for alleged conduct by Respondent which, if proven by clear and convincing evidence, would constitute violations of Rules 1.1, 1.3, 1.4 and 8.4. The third, WSB No. 2014-89, involves a complaint for alleged conduct by Respondent which, if proven by clear and convincing evidence, would constitute violations of Rule 3.4.

4. After Respondent's Order of Suspension became effective, three more disciplinary complaints were received, bringing the total number of disciplinary complaints to six. The fourth, WSB No. 2014-098, involves a complaint for alleged conduct by Respondent which, if proven by clear and convincing evidence, would constitute violations of Rules 1.3 and 1.4. The

2

fifth, WSB No. 2014-100, involves a complaint for alleged conduct by Respondent which, if proven by clear and convincing evidence, would constitute violations of Rules 1.3, 1.4 and 8.4(c). The sixth, WSB No. 2014-118, involves a complaint for alleged conduct by Respondent which, if proven by clear and convincing evidence, would constitute violations of Rules 1.1, 1.3, 1.4 and 1.5.

5.     After the effective date of his Order of Suspension, Respondent failed to respond to numerous requests from Bar Counsel that he provide information relating to the six outstanding disciplinary complaints. Such conduct by Respondent is a violation of Section 2(c) of the Disciplinary Code which provides, "Failure to timely respond to a request from Bar Counsel... may be grounds for discipline."

6.     In addition, one of Respondent's clients filed a Petition for Resolution of Fee Dispute on March 24, 2014. Respondent received a copy of the Petition on April 16, 2014. Pursuant to Rule 8(c) of the Rules for Resolution of Fee Disputes, Respondent was required to submit a response to the Petition on or before May 1, 2014. Despite repeated inquiries, Respondent did not respond to the Petition. Such conduct by Respondent constitutes a violation of Rule 3.4(c) of the Wyoming Rules of Professional Conduct, failure to abide by the rules of a tribunal.

7.     The petitioner in the referenced fee dispute matter subsequently submitted a claim to the Clients' Security Fund for the amount of the fee at issue, $3,000.00. That claim, CSF 2014-003, was paid in the amount of $2,750.00 due to an overestimation of cost of replacement trial transcripts.

8.     As indicated above, Respondent was required by the Order of Suspension and Section 22 of the Disciplinary Code to notify all clients in pending matters of his suspension and return all unearned fees. During the week of May 12, 2014, Bar Counsel received a call

3

from one of Respondent's clients in a criminal matter. The client, who had paid Respondent $2,500 to represent him in the criminal matter, had attempted without success to reach Respondent regarding an upcoming scheduling conference in the criminal case. Bar Counsel contacted Respondent and was assured by Respondent that Respondent would help the client find another lawyer and would refund the $2,500 fee. Respondent failed to fulfill both promises. Such conduct by Respondent constitutes a violation of Rule 1.5 (fees) in addition to violating the terms of the Order of Suspension and Section 22 of the Disciplinary Code.

9. The client subsequently submitted a claim to the Clients' Security Fund for repayment of the $2,500.00 fee. That claim, CSF No. 2014-001, was paid in full from the Fund.

10. Another Clients' Security Fund claim from one of Respondent's clients, CSF No. 2014-002 in the amount of $4,300.00, has also been paid in full from the Fund.

11. Clients' Security Fund claim CSF No. 2014-004 was filed in the amount of $1,800.00 by another of Respondent's client and was approved for payment.

12. Clients' Security Fund claim CSF No. 2014-005 was filed in the amount of $1,500.00 by another of Respondent's client's and is presently pending before the Clients' Security Fund Committee. Respondent does not dispute the claim.

13. Client's Security Fund claim CSF No. 2014-006 was filed in the amount of $3,000.00 by another of Respondent's client's and is presently pending before the Clients' Security Fund Committee. Respondent does not dispute the claim.

14. Client's Security Fund claim CSF No. 2014-007 was filed in the amount of $500.00 by another of Respondent's client's and is presently pending before the Clients' Security Fund Committee. Respondent does not dispute the claim.

4

15. On June 6, 2014, Bar Counsel filed a motion for order to show cause with respect to Respondent's failure to file the affidavit required by the Court's Order of Suspension and Section 22(f) of the Disciplinary Code. On July 1, 2014, the Court issued an Order to Show Cause which required Respondent to show cause in writing within 20 days why he should not be held in contempt of court for failing to comply with Section 22 of the Disciplinary Code.

16. On July 28, 2014, Bar Counsel filed a formal charge in the above-captioned proceeding which was served upon Respondent by a process server on July 29, 2014. The formal charge encompassed the first six disciplinary complaints and the first three Clients' Security Fund claims set forth above. On September 15, 2014, Bar Counsel filed a motion for entry of default for Respondent's failure to answer or otherwise respond to the formal charge. An Order of Default was entered September 16, 2014. A copy of the Order of Default was served upon Respondent by a process server on September 19, 2014. On September 22, 2014, Bar Counsel filed a request for a sanction hearing. On September 29, 2014, an Order Setting Sanction Hearing for November 10, 2014, was entered. A copy of the Order Setting Sanction Hearing was served upon Respondent by a process server on October 4, 2014.

17. Meanwhile, the Court continued to issue orders resulting from Respondent's non-compliance with the Order of Suspension. On August 6, 2014, 2014, the Court issued a Second Order to Show Cause which required Respondent to show cause in writing within 20 days why he should not be held in contempt of court for failing to comply with Section 22 of the Disciplinary Code. On September 8, 2014, the Court issued a Third Order to Show Cause which required Respondent to appear before District Court Judge Thomas T.C. Campbell to show cause why he should not be held in contempt of court for failing to comply with Section 22 of the Disciplinary Code. Said hearing was held September 30, 2014, following which Judge

5

Campbell issued Findings and Conclusions dated October 2, 2014. On October 15, 2014, the Court issued an Order Following District Court Proceedings.

18. Shortly before the September 30, 2014, show cause hearing, Respondent contacted Bar Counsel and offered to stipulate to a motion for Respondent's disbarment and to enter into a payment plan and promissory note for repayment of all sums owed to the Wyoming State Bar to (1) reimburse the Clients' Security Fund for claims paid in the amount of $16,350.00; (2) pay the administrative fee and costs associated with the Order of Suspension in the amount of $550.00; and (3) the administrative fee and costs associated with the present motion, in the event the Court orders Respondent's disbarment, in the amount of $550.00.

19. On October 22, 2014, Respondent met with Bar Counsel to finalize the terms of the stipulated disbarment. In that regard, Respondent stipulated to the filing of an amended formal charge adding three additional Clients' Security Fund claims. On October 23, 2014, an order granting leave to file a formal charge was entered. Respondent was served with a copy by hand delivery the following day.

20. On October 24, 2014, Respondent entered into a stipulated motion for disbarment, thereby conceding the allegations of the amended formal charge. Respondent also signed an affidavit of factual basis setting forth the above facts, and executed a promissory note in the amount of $17,450.00 evidencing Respondent's agreement to repay the Wyoming State Bar via installment payments in the amount of $329.30 per month for 60 months commencing January 15, 2015. All three documents have been filed with and reviewed by this Board.

### Conclusions of Law

21. Standard 2.2 of the ABA Standards for Imposing Lawyer Sanctions defines "disbarment" as the termination of an individual's status as a lawyer. Standard 3.0 provides, "In im-

posing a sanction after a finding of lawyer misconduct, a court should consider the following factors:"

    (a) the duty violated;
    (b) the lawyer's mental state; and
    (c) the actual or potential injury caused by the lawyer's misconduct; and
    (d) the existence of aggravating or mitigating factors.

22.    Misconduct of the sort engaged in by Respondent, which essentially involves violation of duties owed to a client, is addressed in Section 4.4, "Lack of Diligence." Subsection 4.41 provides, "Disbarment is generally appropriate when:

    (a) a lawyer abandons the practice and causes injury or potentially serious injury to a client; or

    (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

    (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

23.    Section 9.1 of the ABA Standards for Imposing Lawyer Sanctions provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

    a.    The applicable aggravating factors are:

        i.    Section 9.22(a)-prior disciplinary offenses.
        ii.    Section 9.22(b)-dishonest or selfish motive.
        iii.    Section 9.22(c)-a pattern of misconduct.
        iv.    Section 9.22(d)-multiple offenses.
        v.    Section 9.22(h)-vulnerability of victim.

vi. Section 9.22(i)-substantial experience in the practice of law. Respondent was first admitted to practice in 1994.

b. There are no applicable mitigating factors.

## Recommendation

In consideration of the foregoing, the Board of Professional Responsibility recommends that Respondent:

(1) be disbarred for multiple violations of Rules 1.1 (competence); 1.3 (diligence); 1.4 (communication with client); 1.5 (fees); 3.4(c) (failure to abide by the rules of the tribunal); and 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation) of the Wyoming Rules of Professional Conduct; for repeated violations of Section 2(c) of the Disciplinary Code for the Wyoming State Bar; as well as for his failure to comply with the Court's Order of Suspension;

(2) be assessed an administrative fee of $500.00 and costs of $50.00 in the instant proceeding; and

(3) be ordered to pay said administrative fee and costs along with all other amounts owed to the Wyoming State Bar in accordance with the terms of the promissory note referenced above.

Dated November 12th, 2014.

Jenifer E. Scoggin, Chair
Board of Professional Responsibility
Wyoming State Bar

8

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the **Report and Recommendation for Disbarment** was mailed by United States Mail, first class postage prepaid, on this 13th day of November, 2014, to the following:

Scott M. Powers
944 Hillcrest Road
Cheyenne, WY 82001

and by e-mail to:

spowerspd@hotmail.com
spowers34@hotmail.com

Brandi Robinson, Clerk
Board of Professional Responsibility

9